Affirmed
and Memorandum Opinion filed September 17, 2009.

 

 

In The

 

 Fourteenth Court of
Appeals

 

 

NO. 14-08-00538-CR

____________

 

GERRY DWAYNE DICKEWS AKA GERRY D.
DICKENS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1398072

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Gerry Dwayne Dickews[1],
appeals his conviction for theft.  In two issues, appellant challenges the legal
and factual sufficiency of the evidence to show intent.  We affirm.

 








I.  Background

On August 29, 2004, appellant wrote a
check in the amount of $933 for the purchase of clothes and shoes from the
Lakeside Country Club tennis shop.  The check was a temporary check written on
the account of R & G Acceptance Corporation.  The Lakeside accounting
department attempted to deposit the check, but it was returned with the
notation, AAccount Closed.@  The director of
the tennis shop called the telephone number listed on the check, but was unable
to speak with the person who had written the check.  On October 14, 2004, a
certified letter was sent to the address on the check demanding payment within
10 days.  The return receipt for the letter was signed by Evan Lively. 
Appellant never paid for the clothes and shoes purchased.

Mary Dorsey, an administrative assistant
at JP Morgan Chase bank, testified that appellant opened a business account in
the name of R & G Acceptance Corporation on June 26, 2004, with an opening
balance of $1500.  On August 6, 2004, Chase closed the account because a
negative balance had been maintained on the account for more than one month. 
At the time the account was closed it carried a negative balance of $1395.75. 
During the previous month appellant attempted to make deposits to the account,
but the checks appellant attempted to deposit into the account were written on
accounts with insufficient funds.

Appellant was convicted of misdemeanor
theft and sentenced to 90 days in the Harris County Jail.

II.  Legal and Factual Sufficiency








In two issues appellant challenges the
legal and factual sufficiency of the evidence to support his conviction.  In
reviewing a legal sufficiency challenge, we view the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of a crime beyond a reasonable doubt.  Salinas
v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the
trier of fact, is the sole judge of the credibility of the witnesses and of the
strength of the evidence.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  The jury may choose to believe or disbelieve any portion of
the testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  When faced with conflicting evidence, we presume the trier of fact
resolved conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In evaluating the factual sufficiency of
the evidence, we view all the evidence in a neutral light and will set aside
the verdict only if we are able to say, with some objective basis in the
record, that the conviction is clearly wrong or manifestly unjust because the
great weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  We do not intrude
upon the fact‑finder=s role as the sole judge of the weight and
credibility of witness testimony.  See id. at 417; Fuentes, 991
S.W.2d at 271. 

A person commits the offense of theft when
he unlawfully appropriates another person=s property with
the intent to deprive the owner of that property.  Tex. Penal Code Ann. ' 31.03(a) (Vernon
Supp. 2008).  It is prima facie evidence that an accused intended to
permanently deprive the owner of the property at issue (1) if the accused
purchased the property with a check written on a closed account, or (2) payment
was refused by the bank or other drawee for lack of funds or insufficient
funds, on presentation within 30 days after issue, and the issuer failed to pay
the holder in full within 10 days after receiving notice of that refusal.  Tex. Penal Code Ann. ' 31.06(a) (Vernon
Supp. 2008); see also Thompson v. State, 89 S.W.3d 843, 849 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).








Appellant contends that he overcame the
statutory presumption because the State failed to prove that he received notice
of the bank=s refusal to honor the check.  He further asserts that
he had no notice that the checks he attempted to deposit had been returned. 
Appellant fails, however, to rebut the presumption of intent when a check is
written on a closed account.  The bank notified appellant 23 days before he
wrote the check, on August 6, 2004, that the account had been closed. 
Appellant was the only individual authorized to sign on the account.  There was
no evidence that appellant failed to receive notice of the account=s closure.

Having reviewed the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could
have found beyond a reasonable doubt that appellant intended to permanently
deprive Lakeside Country Club of the clothing and shoes.  We have further
reviewed the evidence in a neutral light, and find no objective basis in the
record to determine that the jury=s verdict was
clearly wrong or manifestly unjust because it was contradicted by the great
weight and preponderance of the evidence.  We therefore overrule appellant=s first and second
issues.

The judgment of the trial court is
affirmed.

 

/s/      Leslie
B. Yates

Justice

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  The trial court=s
judgment is styled AThe State of Texas v. Gerry Dwayne Dickews.@  The clerk=s
record and reporter=s record use the names AGerry Dwayne Dickews aka Gerry D. Dickens.@  Both appellant=s
and the State=s briefs are styled, AGerry D. Dickens v. State.@ 
For purposes of this appeal, we will use the name the trial court used in its
judgment.